**MANDATE**

23-6012
*United States v. Woods*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-five.

Present:
>     RICHARD C. WESLEY,
>     MICHAEL H. PARK,
>     BETH ROBINSON,
>         *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>     *Appellee,*

>     v.                                                                23-6012

TISHAWN C. WOODS,

>     *Defendant-Appellant.*\*

---

FOR DEFENDANT-APPELLANT:        John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, NY.

FOR APPELLEE:        Jeffrey C. Coffman, Stephen J. Ritchin, *for* Danielle R. Sassoon, United States Attorney for the Southern District of New York, New York, NY.

---

\*  The Clerk of Court is respectfully directed to amend the caption accordingly.

**MANDATE ISSUED ON 12/22/2025**

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Pursuant to a plea agreement, Defendant-Appellant Tishawn Woods pleaded guilty to conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).   The district court sentenced Woods to a 240-month term of imprisonment and a five-year term of supervised release with six special conditions.   On appeal, Woods now challenges the second and third special conditions of his supervised release.   Special Condition Two requires Woods to "participate in an outpatient mental health treatment program approved by the United States Probation Office" and to "continue to take any prescribed medications unless otherwise instructed by the health care provider."   App'x at 142.   And Special Condition Three requires Woods to submit his "computer, other electronic communication or data storage devices, cloud storage or media, to a search"—to be conducted "at a reasonable time and in a reasonable manner"—"upon reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the defendant."   *Id*.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court retains wide latitude in imposing conditions of supervised release, and we therefore review a decision to impose a condition for abuse of discretion."   *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008).   "When the defendant does not object to the

conditions, however, we review only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). To show plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up). When, however, a defendant challenges an aspect of the sentence "about which he lacked advance notice," such as a requirement imposed pursuant to a supervised release condition, we review "the issue de novo even if the defendant failed to raise an objection in the district court." *United States v. Washington*, 904 F.3d 204, 207-08 (2d Cir. 2018) (reviewing a requirement included in a supervised release condition de novo, where defendant lacked notice of the requirement at sentencing because the requirement was added in the written judgment and not mentioned at sentencing); *United States v. Rosado*, 109 F.4th 120, 125 (2d Cir. 2024) (same).

## I. Special Condition Two

At sentencing, Woods requested mental-health treatment. His counsel asked the district court to provide "mental health evaluations and treatment" so that on supervised release Woods could "overcome all of that childhood trauma, all of the neglect and abuse that he suffered as a young man." App'x at 120. And Woods himself noted to the district court that "I do want help, I will seek help, any program possible, mental health, drug programs, anything, vocational. I want every program possible to help me to be a successful man." *Id*. at 121. So in orally imposing the sentence, the district court decided to "accept" the recommendation that Woods "participate in an outpatient mental health treatment program approved by the U.S. Probation

Office." *Id*. at 128. In so doing, it explained that "[t]he exact language of the mental health treatment condition will be spelled out in the judgment," that such language would be "consistent with standard language that I've imposed in the past," and that "the gist of it is that Mr. Woods will be subject to mental health treatment . . . [as] was recommended by [counsel]." *Id*. at 128-29.

Woods argues on appeal that the district court erred by including in its written judgment the requirement that he "continue to take any prescribed medications unless otherwise instructed by the health care provider." App'x at 142. Woods contends the requirement is "at variance with the oral pronouncement," and therefore Special Condition Two "must be vacated." Appellant's Br. at 14.

Woods did not object to Special Condition Two at sentencing. "In principle, we review an issue of law for plain error when the defendant has failed to raise the issue in the district court." *Washington*, 904 F.3d at 207. "But when the point of law on appeal is a term of the defendant's sentence and the defendant lacked prior notice in the district court that the term would be imposed, we will review the issue de novo." *Id.* Woods had notice that the district court would spell out the language of the mental health treatment condition in the judgment and that this language would be consistent with the district court's "standard language," but the district court did not expressly state that this condition would include the prescription medication requirement Woods challenges. App'x at 128-29. We do not decide which standard of review applies in these circumstances, as we find no error even under de novo review.

"Where an unambiguous oral sentence conflicts with the written judgment, the constitutional right of a defendant to be present at sentencing dictates that the oral pronouncement

4

of sentence must control." *United States v. A-Abras Inc.*, 185 F.3d 26, 29 (2d Cir. 1999). Where, however, an oral sentence contains genuine ambiguity, "additions in the written judgment that merely clarify the terms of the spoken sentence" are permissible, except where "the modifications or additions impose new burdensome punishments or restrictions, or where there is a substantive discrepancy between the spoken and written versions of the sentence." *Rosado*, 109 F.4th at 124-25 (quotation marks omitted).

Here, there was "no real inconsistency" between the oral and written judgments. *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999), *overruled on other grounds by United States v. Maiorana*, No. 22-1115-CR, 2025 WL 2471027 (2d Cir. Aug. 28, 2025).[1] Rather, the written judgment's addition of the prescription medication requirement under the mental-health treatment condition merely clarified the genuine ambiguity regarding the exact language of the condition, which the district court expressly adopted at sentencing but left open to clarification with more specific language in the written judgment. Because the condition that Woods must participate in an outpatient mental health treatment program plainly includes the possibility that such mandatory treatment will involve the prescription of medication, the requirement that he continue to take any prescribed medications unless otherwise instructed by the health care provider does not impose a

---

[1] Before *Truscello*, this Circuit held that, where "there is no material variance" between an oral sentence and a written judgment, a written judgment "may properly serve the function of resolving ambiguities" in an oral sentence. *United States v. Moyles*, 724 F.2d 29, 30 (2d Cir. 1983). *Maiorana* does not disturb this general rule that a written judgment may clarify the terms of the sentence; it merely narrows the scope of the rule to exclude its application to a written judgment's addition of discretionary conditions of supervised release. *See Maiorana*, 2025 WL 2471027, at *6. The holding of *Truscello* that was overturned by *Maiorana* was its approval of a written judgment's addition of discrete conditions of supervised release as a "clarification of what the oral pronouncement meant by 'supervised release,'" where the conditions were "necessary to effect [the] purpose" of supervised release, or were "basic administrative requirements" of supervised release. 168 F.3d at 62-63 (cleaned up).

5

*new* burdensome restriction or create a substantive discrepancy between the oral sentence and written judgment. *Cf. Washington*, 904 F.3d at 208 (considering a written judgment's addition of a requirement that defendant must submit to polygraph testing when such testing is ordered by the mandatory outpatient sex-offender treatment program and concluding that the addition of such a requirement is impermissible because polygraph testing is burdensome and the possibility of polygraph testing is "not a necessary or invariable part of sex-offender treatment").

Special Condition Two was "not in the pre-sentence report, it wasn't recommended by the probation officer, but it was recommended by [Woods's counsel]." App'x at 128. When the district court decided to "accept" Woods's request to order mental-health treatment, it made clear that the "exact language" of the condition "will be spelled out in the judgment" and "consistent with standard language that [the district court] imposed in the past." *Id* at 128-29. The written judgment thus *clarified* the oral pronouncement, and it did so in accordance with Woods's expectations and his own request for "every program possible to help [him] to be a successful man." *Id.* at 121; *see id*. at 128-29 ("It's consistent with standard language that I've imposed in the past, but the gist of it is that Mr. Woods will be subject to mental health treatment."); *id*. at 121 (Woods requesting "any program possible," including "mental health" and "drug programs"). Accordingly, we find no impermissible variance between the oral and written terms of Woods's sentence.

## II.     Special Condition Three

Woods failed to object at sentencing to Special Condition Three, but he now challenges it on both procedural and substantive grounds. He first argues that the district court committed "procedural error" by failing to explain the condition, given that the "serious crimes of which [he]

6

has been convicted involved physical force and the use of firearms, but not the use of electronic devices." Appellant's Br. at 15. Second, he claims that "the unfettered ability of probation officers to search [his] computers and electronic devices is an unreasonable burden on his liberty." *Id*. Neither argument persuades.

"A sentencing court may impose special conditions that are reasonably related to 'the nature and circumstances of the offense and the history and characteristics of the defendant'; 'the need for the sentence imposed to afford adequate deterrence to criminal conduct'; 'the need to protect the public from further crimes of the defendant'; and 'the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,' and which 'involve no greater deprivation of liberty than is reasonably necessary' for these purposes." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quoting U.S.S.G. § 5D1.3(b)). A "'district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it.'" *United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023) (quoting *Betts*, 886 F.3d at 202). But even when a district court imposes a special condition without providing particularized findings, "we may nonetheless affirm 'if the district court's reasoning is self-evident in the record.'" *Id*. (quoting *Betts*, 886 F.3d at 202).

The justification for the challenged portion of Special Condition Three is self-evident. As the district court emphasized, Woods "committed a series of extremely violent crimes," including "four separate gunpoint robberies, one of which was a home invasion, within a two-week period." App'x at 122. During those robberies, Woods twice "discharged his firearm," in one case shooting the victim "in the abdomen in the course of forcing his way into the victim's apartment,

nearly killing the victim and leaving him with lifelong injuries." *Id*. at 123. And to execute that "violent crime spree," Woods corresponded with his co-conspirators using Facebook Messenger. *Id*. at 125.

Woods is thus wrong to suggest that "there is no connection between [his] conviction and the use of electronic devices." Appellant's Br. at 16. His participation in the Hobbs Act robbery conspiracy relied on the use of computers and electronic devices. "We have frequently approved of such conditions where the conduct underlying a conviction . . . has involved the use of computers or other electronic devices." *United States v. Lewis*, 125 F.4th 69, 76 (2d Cir. 2025) (quotation marks omitted). And we have done so under substantively similar circumstances. *See, e.g.*, *United States v. Washington*, No. 22-688-CR, 2024 WL 2232464, at *4 (2d Cir. May 17, 2024) (summary order) ("The district court's reasons for including in the Search Condition the probation officer's authority to search [the defendant's] electronic communications are also clear from the record because . . . [among other reasons, the] co-defendant used social media to communicate."). We have even done so where the underlying conviction did not involve the use of electronic devices when the record otherwise supported such a condition. *See United States v. Robinson*, 134 F.4th 104, 112 (2d Cir. 2025).

Finally, Woods maintains that the "condition itself is substantively unreasonable." Appellant's Br. at 15. But the district court has "wide latitude to impose special conditions, or any conditions it deems appropriate." *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024) (quotation marks omitted). And Woods "has a diminished expectation of privacy during his period of supervision because he is a convicted person serving a court-imposed term of federal supervised release." *United States v. Oliveras*, 96 F.4th 298, 309 (2d Cir. 2024) (quotation marks

omitted); *see also Mont v. United States*, 587 U.S. 514, 523 (2019) ("Supervised release . . . permits a defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison."). In any event, Woods misreads Special Condition Three in claiming that probation officers have the "unfettered ability" to search his computer and electronic devices. The condition permits such searches only "upon reasonable suspicion concerning violation of a condition of supervision or unlawful conduct" and only "at a reasonable time and in a reasonable manner." App'x at 142. This does not impose a greater deprivation of liberty than reasonably necessary. *See Robinson*, 134 F.4th at 113-14 (concluding a similar search condition was sufficiently tailored); *United States v. Lawrence*, 139 F.4th 115, 123-25 (2d Cir. 2025). We thus find no plain error in the imposition of Special Condition Three.

\* \* \*

We have considered Woods's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit